UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARCIA LIEBOLD <br> Serve at: <br> 5703 Oak Street <br> Kansas City, Missouri 64113, <br><br> NICOLE KING <br> Serve at: <br> 5703 Oak Street <br> Kansas City, Missouri 64113, <br><br> WAYSIDE WAIFS, INC. <br> Serve at: <br> Kathryn Mahoney <br> 3901 Martha Truman Rd <br> Kansas City, Missouri 64137, <br><br> and <br><br> KANSAS CITY PET PROJECT D/B/A KC PET PROJECT <br> Serve at: <br> Teresa Johnson <br> 7077 Elmwood Avenue <br> Kansas City, Missouri 64132, <br><br> Defendants. | Case No. |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff/Stakeholder Allianz Life Insurance Company of North America ("Allianz Life"), for its Complaint in Interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1332 against Defendants/Claimants Marcia Liebold, Nicole King, Wayside Waifs, Inc., and Kansas City Pet Project d/b/a KC Pet Project (collectively,

"Defendants"), states as follows:

## Parties, Jurisdiction, and Venue

1. Allianz Life Insurance Company of North America is an insurance company organized and existing under the laws of Minnesota with its principal place of business in Minneapolis, Minnesota. Allianz Life is a citizen of Minnesota for the purpose of diversity jurisdiction.

2. Upon information and belief, Defendant Marcia Liebold ("Liebold") resides in Kansas City, Missouri, and is therefore a citizen of Missouri.

3. Upon information and belief, Defendant Nicole King ("King") resides in Kansas City, Missouri, and is therefore a citizen of Missouri.

4. Upon information and belief, Defendant Wayside Waifs, Inc. ("Wayside Waifs") is a Missouri non-profit corporation with its principal place of business in Kansas City, Missouri. Therefore, Wayside Waifs is a citizen of Missouri.

5. Upon information and belief, Defendant Kansas City Pet Project d/b/a KC Pet Project ("KC Pet Project") is a Missouri non-profit corporation with its principal place of business in Kansas City, Missouri. Therefore, KC Pet Project is a citizen of Missouri.

6. This Court has original jurisdiction of this action in interpleader pursuant to 28 U.S.C. § 1332 and Rule 22 of the Federal Rules of Civil Procedure in that Allianz Life is diverse from each defendant and the amount in controversy/amount Allianz Life seeks to interplead exceeds $75,000.00.

7. This Court has supplemental jurisdiction of Count II pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. §§ 1391 and 1397 in that at least one of the Defendants/Claimants resides within this district.

# COUNT I – ACTION IN INTERPLEADER

## (Defendants Liebold, King, Wayside Waifs, KC Pet Project)

9. On or about August 19, 2019, Allianz Life issued a 222 Fixed Annuity Index, contract number 71604007 (the "2019 Annuity"), to Sandra Stiner ("Stiner"). A true and accurate copy of the 2019 Annuity is attached as **Exhibit A**.

10. On or about January 28, 2021, Allianz Life issued a Benefit Control Fixed Annuity Index, contract number 71670751 (the "2021 Annuity"), to Stiner. A true and accurate copy of the 2021 Annuity is attached as **Exhibit B**.

11. On or about March 28, 2022, Allianz Life issued a 222 Fixed Annuity Index, contract number 71748313 (the "2022 Annuity"), to Stiner (the 2019 Annuity, 2021 Annuity, and 2022 Annuity collectively referred to herein as the "Annuities"). A true and accurate copy of the 2022 Annuity is attached as **Exhibit C**.

12. On or about April 14, 2022, Stiner submitted a beneficiary change for the Annuities, designating "Wayside Waifs – Cats Only" as the beneficiary of eighty-five (85%) of the death benefits payable under the Annuities, and "KC Pet Project – Cats Only" as the beneficiary of fifteen percent (15%) of the death benefits payable under the Annuities. A true and accurate copy of the beneficiary designation request for the Annuities is attached as **Exhibit D**.

13. Upon information and belief, on or about August 10, 2022, a signature purporting to be that of Stiner was affixed to a Durable Power of Attorney purporting to appoint Liebold as Stiner's attorney-in-fact (the "DPOA").

14. On or about January 18, 2024, Allianz Life received a copy of the DPOA purporting to appoint Liebold as Stiner's attorney-in-fact. A true and accurate copy of the DPOA received by Allianz Life is attached as **Exhibit E**.

15. On or about January 26, 2024, pursuant to the DPOA, Liebold purported to change the beneficiaries on the Annuities from Wayside Waifs and KC Pet Project to herself as a primary beneficiary of 50% and Nicole King as a primary beneficiary of 50%. True and accurate copies of the Requests to Change Beneficiaries are attached as **Exhibit F**.

16. Upon information and belief, Nicole King is the spouse of Marcia Liebold.

17. Missouri law states, "Any power of attorney may grant power of authority to an attorney in fact to carry out any of the following actions if the actions are expressly authorized in the power of attorney: . . . (6) To designate or change the designation of beneficiaries to receive any property, benefit or contract right on the principal's death." Mo. Rev. Stat. § 404.710.6.

18. Missouri law requires an attorney in fact "to avoid self-dealing and conflicts of interest, as in the case of a trustee with respect to the trustee's beneficiary or beneficiaries; and in the absence of explicit authorization, the attorney in fact shall exercise a high degree of care in maintaining, without modification, any estate plan which the principal may have in place, including . . . arrangements made by the principal for disposition of assets at death through beneficiary designations." Mo. Rev. Stat. § 404.714.1.

19. Upon information and belief, the DPOA does not expressly authorize Liebold to change the beneficiaries on the Annuities to herself or King.

20. Upon information and belief, Stiner died on May 28, 2024.

21. Upon Stiner's death, the Death Benefits under the Annuities became payable to the proper beneficiary or beneficiaries under the Annuities.

22. At the time of Stiner's death, according to the records of Allianz Life, Liebold and King were named as the primary beneficiaries of the Death Benefits pursuant to the Request to Change Beneficiaries for the Annuities, executed by Liebold as attorney-in-fact.

23. On or about October 27, 2024, Allianz Life received a Fixed Annuity Claim Form from Nicole King with regard to the Death Benefits due and owing under the Annuities, in which King elected to receive monthly payments for a guaranteed period of five years in lieu of a lump sum payment.

24. On or about November 29, 2024, Allianz Life received a Fixed Annuity Claim Form from Marcia Liebold with regard to the Death Benefits due and owing under the Annuities, in which King elected to receive monthly payments for a guaranteed period of five years in lieu of a lump sum payment.

25. On or about December 16, 2024, Allianz Life received notification from the agent who sold the Annuities to Stiner of concerns regarding the propriety of execution of the DPOA and regarding the execution of the Requests to Change Beneficiaries (Exhibit F) by the purported attorney-in-fact and not the contract owner, Stiner.

26. Upon the notification of the aforestated concerns, Allianz Life suspended payments of the Death Benefits and investigated the allegation of potential fraud.

27. On or about February 4, 2025, Allianz Life sent correspondence to King that she received overpayments under the Annuities because the DPOA did not give Liebold authority to change the beneficiary designations of the Annuities.

28. On or about February 4, 2025, Allianz Life sent correspondence to Liebold that she received overpayments under the Annuities because the DPOA did not give Liebold authority to change the beneficiary designations of the Annuities.

29. On or about July 15, 2025, Wayside Waifs filed a claim for the Death Benefits due and owing under the Annuities.

30. KC Pet Project is a potential claimant who may have a claim for the Death Benefits

if the Court determines the DPOA did not authorize Liebold to change the beneficiaries of the Annuities to herself and King.

31. The claims by Defendants are adverse and competing.

32. Allianz Life has initiated communications with Defendants in an effort to determine if their adverse and competing claims can be resolved by agreement between the parties and without the need for formal interpleader proceedings. However, Allianz Life has not been informed that Defendants have reached an agreement as to the aforementioned disputes over payment of the Death Benefits.

33. Allianz Life has no interest in the Death Benefits payable under the Annuities and is merely an innocent stakeholder wishing to determine the proper beneficiaries entitled to receive the Death Benefits under the Annuities.

34. Allianz Life files this Complaint in Interpleader of its own free will to avoid multiple liability, multiple litigation, or both.

35. Allianz Life is ready, willing, and able to pay the Death Benefits due and owing on account of the death of Stiner pursuant to the Annuities pursuant to whichever settlement option is elected by the rightful beneficiary to the annuity in question. However, there is reasonable doubt under the applicable facts and law regarding which Defendant is entitled to such Death Benefits.

36. Until this Court rules on the issue of the manner in which the Death Benefits of the Annuities should be distributed, Allianz Life cannot safely determine the proper recipients of the Death Benefits without risking exposure to double, multiple, or inconsistent liabilities.

37. Allianz Life should not be compelled to become involved in determining who is entitled to the Death Benefits, and the Defendants should be ordered to litigate among themselves without further involving Allianz Life.

38. Allianz Life has no interest in the Death Benefits and merely desires protection while this Court determines to whom said funds should be paid pursuant to Rule 22 of the Federal Rules of Civil Procedure.

39. Allianz Life is a disinterested stakeholder and is entitled to recover its costs and reasonable attorney fees incurred in bringing the instant action.

WHEREFORE, Allianz Life prays for a judgment:

a. Determining who is entitled to the Death Benefits of the Annuities payable by reason of the death of Stiner;

b. Restraining each of the Defendants by Order and Injunction of this Court from instituting any action against Allianz Life for recovery of the Death Benefits of the Annuities payable by reason of the death of Stiner;

c. Requiring each of the Defendants to answer this Complaint in Interpleader and litigate their claims among themselves for the subject Death Benefits in this action;

d. Awarding Allianz Life its costs and attorney fees incurred in connection with bringing this action and ordering that such costs and attorney fees be paid out of the Death Benefits of the Annuities prior to distribution to the party or parties adjudged to be entitled to the Death Benefits; and

e. Awarding Allianz Life such other and further relief as this Court deems just, equitable, and proper.

## COUNT II – UNJUST ENRICHMENT

### (Defendants Liebold, King)

40. Allianz Life realleges and reavers the allegations set forth in paragraphs 1 through 39 as if fully set forth herein.

41. Allianz Life issued two monthly payments to Nicole King as putative beneficiary of fifty percent of the death benefit due and owing under the 2019 Annuity in the total amount of $4,806.44.

42. Allianz Life issued two monthly payments to Nicole King as putative beneficiary of fifty percent of the death benefit due and owing under the 2021 Annuity in the total amount of $3,100.30.

43. Allianz Life issued two monthly payments to Nicole King as putative beneficiary of fifty percent of the death benefit due and owing under the 2022 Annuity in the total amount of $3,442.54.

44. Allianz Life issued one monthly payment to Marcia Liebold as putative beneficiary of fifty percent of the death benefit due and owing under the 2019 Annuity in the amount of $2,403.22.

45. Allianz Life issued one monthly payment to Marcia Liebold as putative beneficiary of fifty percent of the death benefit due and owing under the 2021 Annuity in the amount of $1,736.67.

46. Allianz Life issued one monthly payment to Marcia Liebold as putative beneficiary of fifty percent of the death benefit due and owing under the 2022 Annuity in the amount of $2,238.68.

47. If the Court determines Defendants Marcia Liebold and Nicole King are not entitled to the Death Benefits under the Annuities, Allianz Life conferred a benefit to Liebold and King at the request and/or acquiescence of Liebold and King.

48. Liebold and King accepted, retained, and appreciated the benefit of the overpayments and it would be inequitable and unjust for said benefit to be retained.

49. Allianz Life is therefore entitled to judgment against Nicole King for the overpayments in the amount of $11,349.28.

50. Allianz Life is therefore entitled to judgment against Marcia Liebold for the overpayments in the amount of $6,378.57.

WHEREFORE, if the Court determines Defendants Marcia Liebold and Nicole King are not entitled to the Death Benefits under the Annuities, Allianz Life prays for judgment in its favor in the amount of $11,349.28 against Nicole King and $6,378.57 against Marcia Liebold, and for such other and further relief as the Court deems just and proper.

ARMSTRONG TEASDALE LLP

By: */s/ Katherine E. Horn*
    Clark H. Cole     #28668
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105
    314.621.5070
    314.621.5065 (facsimile)
    ccole@atllp.com

    Katherine E. Horn     #75609
    2345 Grand Blvd., Suite 1500
    Kansas City, Missouri 64108
    816.221.3420
    816.221.0786 (facsimile)
    khorn@atllp.com

ATTORNEYS FOR PLAINTIFF ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA